**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4512**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

SAMUEL BRISTOL HARRINGTON,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, District Judge.  (CR-02-72)

———————

Submitted:  November 24, 2003      Decided:  December 18, 2003

———————

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel Bristol Harrington pled guilty to distributing 54.3 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Harrington to 298 months of imprisonment, to be followed by a five-year term of supervised release. (R. 17). In his plea agreement, Harrington waived the right to appeal his conviction and sentence, except on the grounds of ineffective assistance of counsel, prosecutorial misconduct unknown at the time of the guilty plea, and a sentence in excess of the statutory maximum or based on an unconstitutional factor, such as race, religion, ethnicity, or gender.

Harrington's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising the issue of whether the district court erred in sentencing Harrington to 298 months of imprisonment. Harrington was advised of his right to file a pro se supplemental brief but has declined to do so. We have reviewed the record and conclude that Harrington knowingly and voluntarily waived the right to appeal his sentence and that none of the exceptions to Harrington's waiver of his appellate rights are applicable in this case. See United States v. Wessels, 936 F.2d 165, 168 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Harrington's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>